## Anthony v. Central-Penn National Bank of Philadelphia

720

*Alex Schamban*, for plaintiff.

*H. M. Rappeport*, for defendant.

KUN, P. J., December 4, 1956.—This matter is before the court on defendant's preliminary objections to plaintiff's complaint in equity.

The complaint avers substantially as follows: Defendant extended to plaintiff a loan of approximately $2,000, and as collateral security therefor entered into an installment sales contract for a certain automobile, which had been purchased by plaintiff. Subsequently, plaintiff borrowed an additional $800 from defendant. Plaintiff fell in arrears in the payments on the installment sales contract, and defendant repossessed the automobile. Plaintiff then offered to redeem, but defendant refused to permit plaintiff to do so. Defendant then sold the automobile, but refuses to tell plaintiff to whom or for how much. Defendant also caused judgment to be entered in Delaware County on the $800 loan, and execution has issued thereon. Plaintiff avers that the reasonable market value of the car, which defendant repossessed and sold, was sufficient to repay the balance of the loan on the car plus the balance on the $800 loan.

The prayer of the complaint is to enjoin defendant from proceeding on the judgment in Delaware County and to order defendant to disclose to plaintiff the details with respect to the sale of the car. Defendant filed preliminary objections to this complaint, alleging that plaintiff has an adequate remedy at law.

An examination of the complaint, and particularly the prayer for relief, reveals that plaintiff does have an adequate remedy at law. Plaintiff should have filed a petition to open the judgment secured by defendant on the $800 loan, his defense being payment. If the value of the car which defendant repossessed and sold is sufficient to cover the balance on the original loan plus the $800 loan on which the judgment was entered, then defendant has been repaid on the loan upon which judgment was entered. On the petition to open and the answer thereto, plaintiff can take depositions to establish the details surrounding the sale of the car. Thus plaintiff has a remedy at law, of an equitable nature, to open the judgment, in which procedure he can secure all the relief requested in his complaint in equity.

For the foregoing reason defendant's preliminary objections to plaintiff's complaint in equity are sustained, and the complaint is hereby dismissed.